IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Boards of Trustees of the
Ohio Laborers Benefits,

        Plaintiffs,

v.

Henry F. Teichmann, Inc.,

        Defendant.

Case No: 2:23-cv-3047

Judge Graham

Magistrate Judge Deavers

<u>Opinion and Order</u>

Plaintiffs Boards of Trustees of the Ohio Laborers Benefits are the fiduciaries of several employee benefit plans. They have sued defendant Henry F. Teichmann, Inc. under the Employee Retirement Income Security Act of 1974 to recover amounts due to the Plans. This matter is before the Court on plaintiffs' motion for default judgment.

**I.      Background**

Plaintiffs are the fiduciaries of four employee benefit plans (the Ohio Laborers' District Council–Ohio Contractors' Association Insurance Fund; the Laborers' District Council and Contractors' Pension Fund of Ohio; the Ohio Laborers' Annuity Fund; and the Ohio Laborers' Training and Apprenticeship Trust Fund) and one labor-management cooperative trust known as Ohio Laborers' District Council–Ohio Contractors' Association Cooperation and Education Trust. The Plans collectively are known as the Ohio Laborers Benefits, and they maintain their principal place of business in Westerville, Ohio.

Pursuant to certain collective bargaining agreements, defendant was obligated to make monthly contributions to the Plans on behalf of its employees. The complaint alleges that defendant failed to make the required contributions beginning in January 2022. The complaint alleges that the Plans are entitled under ERISA to collect the delinquent contributions, as well as to recover liquidated damages and interest.

Defendant was served with the complaint and has failed to plead or otherwise defend in this action. The Clerk made an entry of default. *See* Fed. R. Civ. P. 55(a). Defendant was also served with the current motion for default judgment, but has not responded.

It should be noted, however, that following the filing of the complaint, defendant permitted plaintiffs to perform an audit of defendant's financial records. In the motion for default judgment, plaintiffs seek an award of damages based upon the findings of the audit, which defendant has not disputed.

## II. Discussion

### A. Liability

In examining a motion for default judgment under Fed. R. Civ. P. 55(b)(2), the court accepts plaintiffs' well-pled allegations as to defendant's liability as true. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). The court reviews "the pleadings as a whole to determine whether a 'sufficient basis' exists entitling Plaintiff to judgment pursuant to Rule 55(b)." *United States v. Allen*, No. 2:12-CV-1034, 2014 WL 5305518, at *2 (S.D. Ohio Oct. 15, 2014) (quoting *Nishimatsu Construction Co., Ltd. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

An employer "who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. A plan fiduciary may bring a cause of action for appropriate relief. *See* 29 U.S.C. § 1132(a)(2).

The Court finds that plaintiffs' well-pleaded allegations and the evidence submitted in support of the motion for default judgment establish that defendant has breached its obligations under ERISA. Under the CBAs and Plan documents, defendant was obligated to make monthly contributions on behalf of its employees. *See, e.g.*, Doc. 19-5 at L-20. Plaintiffs have demonstrated that defendant failed to make the required contributions from January 2022 through November 2023. *See* Doc. 19-2; Gaston Decl., ¶ 13. In some cases, defendant's payments were late, and for other months, defendant had not paid the contributions at all, as of the filing of this lawsuit.

Accordingly, the Court finds that plaintiffs have established defendant's liability under ERISA for purposes of the motion for default judgment.

### B. Damages

Plaintiffs' complaint seeks an award of damages that would include unpaid contributions, liquidated damages, and interest. Such amounts are sums certain which can be determined from the terms of the CBAs and Plan documents, and for which a hearing is not necessary. *See* Fed. R. Civ.

2

P. 55(b)(1); *Ironworkers Dist. Council of S. Ohio v. Reinforcing Servs. Co., LLC*, No. 3:09-CV-067, 2009 WL 4154905, at *3 (S.D. Ohio Nov. 20, 2009).

Under ERISA, a fiduciary bringing a cause of action for delinquent contributions is entitled to an award of the unpaid contributions, liquidated damages (if provided for under the plan), and interest on the unpaid contributions. *See* 29 U.S.C. § 1132(g)(2).

Plaintiff's audit of defendant's financial records show that from January 2022 through November 2023, defendant was obligated to make total contributions of $58,982.10. *See* Doc. 19-2. After the filing of this lawsuit, defendant made payments which exceeded the underlying principal amount due. Accordingly, plaintiffs state that defendant is entitled to a credit of $4,756.00 against the amounts owing for liquidated damages and interest.

Liquidated damages are recoverable if the plan provides for them in an amount not in excess of 20%. *See* 29 U.S.C. § 1132(g)(2)(C)(ii). Here, liquidated damages of 10% were provided for by the Plans. *See, e.g.*, Doc. 19-5 at L-21. Plaintiffs have submitted a calculation of liquidated damages, with a total amount owing of $5,853.21.[1] *See* Doc. 19-2.

Interest on the unpaid contributions is recoverable as well. *See* 29 U.S.C. § 1132(g)(2)(B). The Plans provided for interest at the rate of 1% per month on all unpaid contributions. *See, e.g.*, Doc. 19-5 at L-21. Plaintiffs have submitted a calculation of interest, with a total amount owing of $2,114.89. *See* Doc. 19-2.

Under ERISA, a fiduciary bringing a cause of action for delinquent contributions is also entitled to an award of reasonable attorney's fees and costs. *See* 29 U.S.C. § 1132(g)(2)(D); *Bldg. Serv. Loc. 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1400 (6th Cir. 1995) (noting that "an award of reasonable attorneys' fees is mandated" when the plan prevails in an action for delinquent contributions). In determining an attorney's fees amount, the court should use the lodestar method by which a reasonable hourly rate is calculated by a reasonable number of hours expended. *See id.*, 46 F.3d at 1401.

Plaintiffs state that they are not seeking the full lodestar amount, which they calculate to be $8,643.00. Instead, plaintiffs seek an award of attorney's fees of $7,087.26 (82% of the lodestar). Plaintiffs' legal counsel has submitted a declaration which details the fee request. Counsel expended 14.1 hours, and an additional 20.6 hours was expended by a paralegal. *See* Hymore Decl., ¶ 8. The

---

[1] This amount of $5,853.21 is $45 less than the expected amount of $5,898.21 (10% of $58,982.10). As explanation, plaintiff's audit determined that liquidated damages were not owing on $450 in contributions for October 2023. *See* Doc. 19-2.

3

Court finds that this number of hours is reasonable to investigate the claim, file the case, perform an audit, and obtain default judgment.

Counsel states that he normally charges a rate of $350 per hour for himself and a rate of $180 per hour for his paralegal. These hourly rates are within the range of what this Court has determined to be reasonable in ERISA litigation. *See Bd. of Trustees of Ohio Laborers Benefits v. Olive Leaf Landscaping, Inc.*, No. 2:22-CV-2799, 2023 WL 8031493, at *5 (S.D. Ohio Nov. 20, 2023). Given that plaintiffs seek a fee award which 18% below the lodestar amount, the reduced hourly rates are $287 for legal counsel and $148 for the paralegal. The Court finds that these rates are reasonable and thus approves an attorney's fee award of $7,087.26.

Plaintiffs seek an award of costs in the amount of $430.86. This amount represents the filing fee and the cost for certified mail service. The Court approves this amount.

In sum, the Court finds that plaintiffs are entitled to a total award of $10,730.22. This amount is the sum of liquidated damages ($5,853.21), interest ($2,114.89), attorney's fees ($7,087.26), and costs ($430.86), minus a credit for overpayment by defendant ($4,756.00).

**III.  Conclusion**

Accordingly, the Court grants plaintiff's motion for default judgment (doc. 19), and awards damages to plaintiffs in the total amount of $10,730.22.

*s/ James L. Graham*
JAMES L. GRAHAM
United States District Judge

DATE: October 9, 2024

4